IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WELDING ENGINEERS LTD.** | : | CIVIL ACTION |
| *Plaintiff, Counterclaim Defendant* | : | NO. 16-4850 |
| | : | |
| v. | : | |
| | : | |
| **NFM/WELDING ENGINEERS, INC.** | : | |
| *Defendant, Counterclaimant* | : | |

# ORDER

**AND NOW**, this 26th day of January 2021, upon consideration of the evidence presented during the bench trial held November 20-22, 2019, the parties' Proposed Findings of Fact and Conclusions of Law, [ECF 149, 150], and the parties' trial briefs, [ECF 107, 144], it is hereby **ORDERED**, for the reasons set forth in the accompanying Memorandum Opinion, that:

1. **DECLARATORY JUDGMENT** is entered in favor of Welding Engineers Ltd. ("Welding") and against NFM/Welding Engineers, Inc. ("NFM") on Count Four of NFM's counterclaim for declaratory relief, as follows:

    i. NFM must pay royalties[1] to Welding for the sales of turbulators (and spare parts therefor), which include any device (and spare parts therefor) that integrates a cylindrical cutter, a cylindrical die (fixed or variable), a pelletizer, and a transport system of the comminuted particles either by air or another fluid, whenever NFM either (1) obtained said device or spare parts from Welding or (2) built a device or spare parts based on information[2] obtained from Welding;

---

[1] In the amounts and for the time periods set forth in the Technology Transfer Agreement ("TTA").

[2] Information including, but not limited to, technical drawings.

    ii. Accordingly, NFM must continue to pay royalties to Welding for sales of turbulator spare parts sold to its customers Solvay, Arlanxeo,[3] Kraton, Dyneon, and Zeon;

    iii. All royalties previously paid by NFM under dispute pending the conclusion of this litigation have been rightfully paid to Welding;

    iv. In the future, if NFM develops and sells another turbulator (or spare parts therefor) to Exxon and its affiliates *based on the turbulator technology NFM received from Welding*, NFM must pay royalties to Welding for sales thereof; and

    v. NFM is not required to pay royalties to Welding for any turbulators (or spare parts therefor) that it makes or sells to Exxon and its affiliates *if those turbulators and/or spare parts are developed solely with the use of some other entity's turbulator technology*.

2. **DECLARATORY JUDGMENT** is entered, *in part*, in favor of NFM and against Welding on Count Six of NFM''s counterclaim for declaratory judgment, as follows:

> NFM is not restricted from selling Hot Isostatic Pressing ("HIP") Barrels in the Field of Use.[4, 5]

3. **DECLARATORY JUDGMENT** is entered, *in part*, in favor of Welding and against NFM on Count Six of NFM's counterclaim for declaratory relief, as follows:

    i. Welding may attempt to develop its own HIP Barrel technology, without utilizing any of NFM's HIP Barrel technology in doing so; and

    ii. NFM cannot prevent Welding from developing HIP Barrels, or selling and offering HIP Barrels to Welding's customers.

---

[3] Arlanxeo is the company formerly known as Lanxess.

[4] The Field of Use is "the drying and removal of water from Butyl, Halobutyl and fluorinated rubber[.]" Joint Exhibit 24 at p. 2-3.

[5] As the parties agree, NFM is not restricted from selling HIP Barrels outside of the Field of Use.

The Clerk of Court is directed to mark this matter **CLOSED**.[6]

                              **BY THE COURT:**

                              /s/ *Nitza I. Quiñones Alejandro*
                              **NITZA I. QUIÑONES ALEJANDRO**
                              *Judge, United States District Court*

---

[6]     This Court resolved the remainder of both parties' claims by previous Orders granting summary judgment. [*See* ECF 83, 84].